

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2004

# Renart v. Chartwells

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Renart v. Chartwells" (2004). *2004 Decisions.* Paper 85.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/85

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4381

CAROL RENART,

Appellant

v.

CHARTWELLS, a corporate subsidiary of COMPASS GROUP, a
corporation; COMPASS GROUP, a corporation; XYZ
PARTNERSHIP; ABC CORP; JOHN DOES, 1 through 10 inclusive, fictitious
named defendants, jointly, severally and in the alternative

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(Dist. Court No. 01-cv-01478)
District Court Judge: Honorable Joseph E. Irenas

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2004

Before: ALITO, BARRY, and FUENTES, <u>Circuit Judges</u>

(Opinion Filed:   December 13, 2004)

OPINION OF THE COURT

Because we write for the parties only, we do not set forth the facts of this case. Renart argues that the District Court erred in awarding Chartwells summary judgment on her claim under the New Jersey Family Leave Act (FLA) and her implied-in-fact contract claim. She further argues that the Court abused its discretion in denying her leave to amend her complaint to add a claim under the federal Family and Medical Leave Act (FMLA) and an equitable estoppel claim. For the reasons set forth below, we affirm.

I.

According to Renart's own timeline, she began working for Chartwells on November 4, 1998, took leave on October 26, 1999, and was terminated on November 5, 1999. This last date, though hotly contested, is a red herring. Like its federal counterpart, the FLA focuses on the employee's status not at the time of termination but on the date leave commences. See N.J. Stat. Ann. § 34:11B-7 (West 2000) (requiring employers to restore employees to positions equivalent to those held "when the leave commenced"); cf. 29 C.F.R. § 825.110(d) (2004) (providing that eligibility for leave under the FMLA shall be determined "as of the date leave commences"). An individual must have been employed for 12 months at the time leave commences in order to be eligible under the FLA. See N.J. Stat. Ann. § 34:11B-3(e). Renart's leave began on October 26, 1999 – nine days shy of the anniversary of her employment and the beginning of her eligibility. Since she was not eligible for that leave, she could be freely terminated for taking it. The

2

District Court did not err in awarding Chartwells summary judgment.

Chartwells was also entitled to summary judgment on Renart's contract claim. Although the New Jersey Supreme Court has found implied contracts in the terms of widely distributed employee manuals, see Woolley v. Hoffmann-La Roche, Inc., 491 A.2d 1257, 1264 (N.J. 1985), the formation of an implied contract may be avoided by the execution of an express agreement of at-will employment. Radwan v. Beecham Labs., 850 F.2d 147, 150 (3d Cir. 1988); Ware v. Prudential Ins. Co., 531 A.2d 757, 761 (N.J. Super. Ct. App. Div. 1987). Renart executed such an agreement when she signed, as part of her employment application, a statement that she "underst[oo]d that my employment and compensation can be terminated with or without cause or notice, at any time, at the option of either the company or myself." This statement, expressly providing that her employment was at will, more than sufficed to prevent the formation of an implied agreement to the contrary. Since there can be no breach without a contract, Chartwells was entitled to summary judgment on Renart's claim for breach of contract.

## II.

Renart next argues that the District Court abused its discretion in denying her leave to amend her complaint. Once a responsive pleading has been served, a party may amend her pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant leave, the court may consider (1) any undue delay, bad faith, or dilatory

3

motives on the part of the movant; (2) the futility of the amendment; and (3) prejudice to the other party. Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

Renart was properly denied leave because her proposed amendments were futile. Her FMLA claim had to fail for the same reason that her FLA claim failed – namely, because she was ineligible for leave. Her equitable estoppel claim had to fail because her own testimony foreclosed the argument that she had relied on any of Chartwells's representations about her eligibility for leave. Detrimental reliance is a necessary element of a claim for equitable estoppel. See, e.g., Barone v. Leukemia Soc'y of Am., 42 F. Supp. 2d 452, 464 (D.N.J. 1998). Renart testified that she took time off only because her supervisor had told her she could, not because she believed she was eligible for family leave or because her supervisor had characterized her leave as such. See Pl.'s Dep. at 137 ("It wasn't a family leave. She just told me to take a week off and take care of my problems."). Since Chartwells had made no statements about her eligibility on which she relied, Renart could not recover on a theory of equitable estoppel, and the District Court acted within its discretion in denying her leave to add this claim to her complaint.

III.

Finally, Renart argues that the Magistrate Judge erred or abused his discretion in awarding Chartwells $1,268.51 in attorney's fees as a sanction for a filing that was untimely by one day. Renart's brief does not mention this issue outside the statement of issues presented and offers no reason for disturbing the award. We deem the issue

4

waived and affirm.

## IV.

We have carefully considered Renart's arguments and see no basis for reversal. The judgment of the District Court is affirmed.