**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 12-2834

———

JUDY LYNN LEESE ;
DOUGLAS GLENN LEESE, SR.
                              Appellants

v.

ADELPHOI VILLAGE, INC.; GARY SOLTYS;
WALLY PERKINS; LISA MATKO

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:10-cv-00813)
District Judge: Honorable John E. Jones, III.

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 18, 2013

Before: SMITH, GREENAWAY, JR., and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 19, 2013  )

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

The current matter came before the Court pursuant to an appeal filed by Plaintiff-

Appellant Judy Leese ("Leese") and her husband, Doug Leese, Sr.  Leese had filed a

complaint seeking relief under the Family and Medical Leave Act ("FMLA")[1] and state tort law after she was terminated from her employment by Adelphoi Village, Inc. ("AVI"), and her husband filed a derivative loss of consortium claim. It is undisputed that Leese is ineligible for FMLA relief.[2] Leese nonetheless claimed below, as she does on appeal, that the doctrine of equitable estoppel is available and that she has satisfied the elements of that doctrine so that she may avail herself of it. This argument fails.

As the District Court observed, this Court has not yet addressed the availability of equitable estoppel in the context of FMLA claims. However, the District Court correctly concluded that equitable estoppel is available in the FMLA context, and it correctly found that Leese failed satisfy the test for the doctrine. We note that other Courts of Appeals have approved the availability of equitable estoppel in FMLA cases. *Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 554-55 (6th Cir. 2009); *Reed v. Lear Corp.*, 556 F.3d 674, 678 (8th Cir. 2009); *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 358-59 (5th Cir. 2006); *Woodford v. Cmty. Action of Greene Cnty., Inc.*, 268 F.3d 51, 57 (2d Cir. 2001); *Dormeyer v. Comerica Bank-Ill.*, 223 F.3d 579, 582 (7th Cir. 2000). These courts have determined that the elements of traditional equitable estoppel apply in the FMLA context. *E.g.*, *Dobrowski*, 571 F.3d at 555-57. These elements are: "(1) a

---

[1] Codified at 29 U.S.C. § 2601, *et seq.*
[2] Leese is ineligible for relief under 29 U.S.C. § 2611(2)(B)(ii), which provides that "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles is less than 50" is not an "eligible employee" entitled to protection under the FMLA.

2

misrepresentation by another party; (2) which [s]he reasonably relied upon; (3) to [her]

detriment." *United States v. Asmar*, 827 F.2d 907, 912 (3d Cir. 1987).

The District Court, for the reasons stated in its memorandum opinion, properly

found that Leese did not satisfy the third element of the test: that her reliance was

*detrimental*. *Leese v. Adelphoi Village, Inc.*, No. 1:10-CV-0813, 2012 WL 2049460, at

*4-5 (M. D. Pa. June 6, 2012). Accordingly, the District Court's decision is affirmed in

all respects.[3]

---

[3] The District Court properly granted summary judgment as to Leese's state law claim for intentional infliction of emotional distress, and Doug Leese's derivative loss of consortium claim, for the reasons set for in its opinion. *Leese*, 2012 WL 2049460, at *7-8.