**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3327
_____

BRIAN PALAN,
                    Appellant

v.

INOVIO PHARMACEUTICALS INC.; PETER KIES;
J. JOSEPH KIM, Esq., PH.D.; THOMAS KIM, Esquire;
AVTAR DHILLION, M.D.; JEFFREY RICHARDSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-05054)
District Judge: Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 17, 2016

Before: AMBRO, NYGAARD, and VAN ANTWERPEN, *Circuit Judges*

(Filed: June 23, 2016)

_____

OPINION*
_____

VAN ANTWERPEN, Circuit Judge.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brian Palan appeals the final decision of the U.S. District Court for the Eastern District of Pennsylvania granting summary judgment in favor of his former employer, Inovio Pharmaceuticals Inc., and some of its employees (collectively "Inovio"). For the following reasons, we will affirm the decision of the District Court.

**I.**

From November 1, 2010, until his termination on July 16, 2014, Palan was employed as Inovio's full-time Information Technology ("IT") Manager. (A60, A167). In his capacity as the company's only IT employee, Palan states that he was responsible for "managing the IT environment, overseeing the day-to-day operations of IT, helping end users, and helping with office moves." (*Id.*). In April 2014, Palan was diagnosed with diverticulitis. (*Id.* at A61). While Palan sought non-surgical treatment alternatives, two doctors advised him that urgent surgery was medically necessary. (*Id.*).

On May 16, 2014, Palan scheduled his surgery for May 28, 2014, and advised Thomas Kim, Inovio's General Counsel and Corporate Secretary; Peter Kies, Inovio's Chief Financial Officer; and Jeffrey Richardson, Inovio's Senior Director of External Affairs, of his plans. (*Id.* at A163–A164, A166). Palan also stated that he would need to take four to six weeks of leave, with his last day of work on May 23rd, for the surgery and expected recovery time. (*Id.* at A166). Prior to his scheduled leave, to which Inovio had no objections, Palan met with Richardson to "discuss his medical leave and to obtain information regarding short-term disability benefits." (*Id.* at A62) (internal quotation marks omitted). It is undisputed, as Palan testified at his deposition, that neither at this meeting, nor at any other time, did any Inovio employee mention the Family Medical

Leave Act ("FMLA") leave. (*Id.* at A63). While on leave, Palan relayed to Inovio that he planned to return to work on or around July 16th. (*Id.* at A167). On that date, prior to his return to work, Richardson and Kim informed Palan that he was terminated. (*Id.*).

In his amended complaint, Palan brought interference and retaliation claims under the FMLA, 29 U.S.C. §§ 2601–2654. (A162–A171). The District Court (Beetlestone, J.), granted Inovio's Motion for Summary Judgment on both claims. (A1–A9). The District Court denied Palan's Motion for Reconsideration in a one-page order without an opinion. (A10). This timely appeal of both the order granting summary judgment and the order denying reconsideration followed. (A11).

## II.[1]

We exercise *de novo* review over a grant of summary judgment.[2] *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012). Summary judgment is appropriate if the moving party has shown that the evidentiary material on the record, if reduced to admissible evidence, is insufficient to permit the nonmoving party to carry its burden of

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction to review final orders of a district court pursuant to 28 U.S.C. § 1291.

[2] The parties disagree as to the standard of review applicable to the grant of summary judgment. (Appellant's Br. 5); (Appellee's Br. 10–11). Palan asserts that the standard of review is *de novo*. (Appellant's Br. 5). Inovio maintains that we should review the District Court's exercise of its equitable power for abuse of discretion. (Appellee's Br. 10–11). As we can easily affirm the District Court's ruling under either standard, we need not determine whether a more deferential standard applies.

3

proof, and there are no disputes as to issues of material fact.[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The FMLA allows "eligible employee[s]" to take "a total of 12 workweeks of leave during any 12-month period" for, *inter alia*, "a serious health condition that makes the employee unable to perform the functions of the position of such employee."[4] 29 U.S.C. § 2612(a)(1)(D). Eligible employees may bring a FMLA claim if an employer interferes with their rights under the FMLA, as well as if an employer discharges an employee who has taken leave protected under the FMLA. *See id.* § 2615(a)(1) & (2).

The doctrine of equitable estoppel "seeks to prevent injustice when an individual detrimentally and predictably relies on the misrepresentation of another." *Nagle v. Acton-Boxborough Reg'l Sch. Dist.*, 576 F.3d 1, 3 (1st Cir. 2009). A party seeking to invoke equitable estoppel must establish three elements: "(1) a misrepresentation by another party; (2) which [the party] reasonably relied upon; (3) to [the party's] detriment." *United States v. Asmar*, 827 F.2d 907, 912 (3d Cir. 1987); *see Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 59–61 (1984); *In re RFE Indus., Inc.*, 283 F.3d 159,

---

[3] The Notice of Appeal indicates that Palan seeks review of both the District Court's order granting summary judgment in favor of Inovio and its order denying Palan's Motion to Alter or Amend Judgment and for Reconsideration. (A11). We need not address the denial of reconsideration because Palan has failed to set forth this issue or present an argument in support of it in his opening brief. Accordingly, we deem this issue abandoned and waived. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

[4] As relevant to the instant action, the FMLA provides that "[t]he term 'eligible employee' does not include . . . any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii).

4

164 (3d Cir. 2002). In a nonprecedential opinion, we held that equitable estoppel can apply to FMLA claims to bar an employer from raising an employee's non-eligibility as a defense. *Leese v. Adelphoi Vill., Inc.*, 516 F. App'x 192, 193 (3d Cir. 2013). In doing so, we joined a number of our sister circuits who have recognized the availability of this doctrine in the FMLA context.[5] *Id.* at 193–94.

It is undisputed that Palan is not an eligible employee under the FMLA. (A4). Inovio was not required to provide FMLA protection at any time relevant to the instant action because it employed fewer than the required fifty employees within a seventy-five mile radius of the worksite. *See* 29 U.S.C. § 2611(2)(B)(ii). Palan argues that because Inovio voluntarily implemented a FMLA policy as evidenced by the company handbook, they were equitably estopped from denying him the Act's protections. (Appellant's Br. 5–6). Inovio maintains that it terminated Palan not for taking leave, but rather to employ a higher-level IT Director. (Appellee's Br. 7 n.2). The company's IT needs, as well as issues with Palan's performance, which were highlighted during the company's relocation while Palan was on leave, spurred this decision.[6] (*Id.*); (A34–A37).

---

[5] *Tilley v. Kalamazoo Cty. Road Comm'n*, 777 F.3d 303, 311 (6th Cir. 2015); *Shaaban v. Covenant Aviation Sec., LLC*, 429 F. App'x 638, 639 (9th Cir. 2011); *Nagle v. Acton-Boxborough Reg'l Sch. Dist.*, 576 F.3d 1, 3 (1st Cir. 2009); *Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 554–55 (6th Cir. 2009); *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006); *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 494 (8th Cir. 2002); *Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 724–25 (2d Cir. 2001); *see also Dormeyer v. Comerica Bank-Ill.*, 223 F.3d 579, 582 (7th Cir. 2000) (stating in dicta that the court "d[id] not read [the FMLA] to exclude the application of the doctrine of an estoppel in an appropriate case").

[6] The District Court did not address whether this reason was legitimate and non-retaliatory, as it did not find that FMLA protections applied.

## A. Misrepresentation of Fact

The first element necessary to establish equitable estoppel requires a "definite misrepresentation," but need not entail the intent to deceive. *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 358–59 (5th Cir. 2006) (quoting *Restatement (Second) of Torts* § 894(1)) (internal quotation marks omitted). Misrepresentation requires that "the party requesting the estoppel must show that the defendants have engaged in affirmative conduct . . . that was designed to mislead or was unmistakably likely to mislead a plaintiff." *Redman v. U.S. W. Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998) (alteration in original) (quoting *Bell v. Fowler*, 99 F.3d 262, 268–69 (8th Cir. 1996)) (internal quotation marks omitted).

Palan maintains that the instant action is distinguishable from reported decisions from our sister circuits because there is no misrepresentation at issue. (Appellant's Br. 8). Rather, Palan contends that the statement in Inovio's handbook that its family leave policy "complies with the provisions of the Family and Medical Leave Act of 1993 ("FMLA")" demonstrates that it offers FMLA leave as part of the more generous policies contemplated by the Act's legislative intent. (A275); (Appellant's Br. 8–10). Palan has provided no evidence, aside from references to the handbook, that Inovio has voluntarily adopted FMLA leave. He simply points to the fact that Kim's declaration in support of Inovio's Motion for Summary Judgment does not explicitly deny that Inovio provides

6

FMLA coverage.[7] (Appellant's Br. 9) (citing A69–A71). This absence of a denial is insufficient to compel the conclusion that Inovio provides voluntary FMLA leave.

On the record before us, we may easily conclude that the statement in Inovio's handbook articulating that its family leave policy complies with the FMLA is a qualifying misrepresentation.[8] Such a statement would be likely to mislead an employee to believe that he is an eligible employee for FMLA purposes. (A275). As the Fifth Circuit observed in *Minard v. ITC Deltacom Communications*, even if Inovio had no intent to deceive its employees, a "definite but erroneous representation . . . that [the

---

[7] Palan argues that Inovio drew no distinction between FMLA leave and other types of leave. (Appellant's Br. 11). Kim's declaration suggests otherwise, as in it he repeatedly referenced the FMLA when discussing the claims Palan is asserting, but not when discussing the leave Inovio offers. (A69–71). Even read in the light most favorable to Palan as the nonmoving party, Kim's declaration gives rise to the inference that Inovio offers leave as it has for "six (6) different employees, including [Palan] (on ten (10) different occasions) . . . of varying durations . . . for both maternity and medical reasons," but has not decided to voluntarily offer FMLA leave. (*Id.* at A70).

[8] Palan also cites Richardson's statements from their May 19, 2014 meeting prior to his leave as qualifying misrepresentations because Richardson assured Palan that he should not worry and that his job would be there upon his return. (Appellant's Br. 13). The District Court properly concluded that these statements do not satisfy this element because they do not address Palan's FMLA eligibility. (A5 n.2). This finding does not, as Palan contends, demonstrate that the District Court rendered credibility determinations prohibited at this stage by Federal Rule of Civil Procedure 56. Rather, this conclusion shows the District Court engaged in a straightforward reading of the record. (*Id.*); (Appellant's Br. 13–14).

Additionally, Palan cannot rely on the letter Inovio's former counsel sent subsequent to Palan's termination as either a qualifying misrepresentation or as evidence of detrimental reliance. (Appellant's Br. 9) (citing A268–A269). Palan only received this letter after his leave, so it could not be a basis on which he relied in taking leave. *See Slentz v. City of Republic, Mo.*, 448 F.3d 1008, 1011 (8th Cir. 2006) (indicating that letter assuring employee of FMLA leave after his elective surgery was complete was not a misrepresentation on which he could have detrimentally relied).

7

employee] is an 'eligible employee' and entitled to leave under the FMLA" creates reason for the employer to "believe that the employee will rely upon [the erroneous representation]." 447 F.3d at 358–59. Accordingly, we conclude that Palan has established the first element of equitable estoppel.

## B. Detrimental Reliance

Palan's argument for equitable estoppel ultimately fails at the second element for two reasons. One, Palan has not provided any evidence that he was aware of Inovio's family leave policy. Two, Palan has not indicated that he changed his position based on Inovio's misrepresentation because the emergent nature of his health condition did not present him with a choice as to whether to take leave.

Palan cites his declaration, which he submitted after the close of discovery and receipt of Inovio's Motion for Summary Judgment, as demonstrating that there is a genuine issue of material fact regarding his reliance.[9] (Appellant's Br. 6, 11–12). The District Court properly distinguished this declaration from the employee's affidavit in *Tilley v. Kalamazoo County Road Commission*, 777 F.3d 303, 313 (6th Cir. 2015), which the Sixth Circuit held created a material factual dispute. (A8 n.3). The assertion in Palan's declaration that his pre-leave meeting with Richardson was about FMLA leave is inconsistent with his prior testimony that they had only discussed short-term disability and that at no point did anyone at Inovio discuss FMLA with him. *Compare* (A297), *with* (A100–A101). Further, Palan's testimony at his deposition that he could not recall

---

[9] In his declaration, Palan stated that in the May 29 meeting he "expressed concern for [his] job" while "Richardson stated that [Palan] 'had nothing to worry about,' and that [his] job would be 'waiting for [him] when [he] got back.'" (A297).

8

whether he had ever read, or even received the company handbook "foreclosed the argument that [Palan] had relied on any of [Inovio's] representations about [his] eligibility for leave." *Renart v. Chartwells*, 122 F. App'x 559, 561 (3d Cir. 2004) (per curiam); (A93). Nothing Palan has cited demonstrates that he was aware of Inovio's misrepresentation at the time he requested or went on leave.

Similar to the employee in *Dobrowski v. Jay Dee Contractors, Inc.*, Palan has also failed to demonstrate that he changed his position in reliance on the statement that led him to believe Inovio offered FMLA protections. *See* 571 F.3d 551, 557–58 (6th Cir. 2009). We note, as the District Court did, that Palan has "point[ed] to no action or statement that indicated that his decision to have the surgery was contingent on his understanding of his FMLA status." (A7). Throughout this litigation Palan has emphasized the urgent nature of his condition, which he described as a "ticking time bomb" that was a "life-threatening situation" and left him no choice but to take leave. (A2). A basic tenant of equitable estoppel is the "presuppos[ition] that the person invoking the doctrine had a choice of actions to take and, of his own volition, changed position based on the conduct of, or representations made by, the other party." *Plumley v. Southern Container, Inc.*, 303 F.3d 364, 374 (1st Cir. 2002) (denying equitable estoppel where the plaintiff "had no . . . options"). Lacking the ability to change his position based on Inovio's asserted misrepresentation renders Palan unable to demonstrate the reliance necessary for this second element of equitable estoppel. *See Renart*, 122 F. App'x at 561. Consequently, we have little difficulty concluding that the District Court did not err in finding that Palan's equitable estoppel claim fails.

9

**III.**

For the foregoing reasons, we will affirm the District Court's August 26, 2015 opinion and order granting summary judgment and September 14, 2015 order denying the motion for reconsideration.