United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2006**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-30230
_____

MELISSA C. MINARD,

Plaintiff-Appellant,

versus

ITC DELTACOM COMMUNICATIONS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana

_____

Before KING, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

As the Supreme Court said in its recent pertinent decision in Arbaugh v. Y & H Corp., 126 S.Ct. 1235, (2006): "This case concerns the distinction between two sometimes confused or conflated concepts: federal-court 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief."[1] Specifically, we are here called upon to decide whether the Family Medical Leave Act ("the FMLA" or "the Act") definition of an "eligible employee" (as not including those "at a worksite" having "less than 50 employees if the total number of employees...within 75 miles of that worksite is less than 50") is

---

[1] Id. at 1238.

-1-

a limit on the federal courts' subject matter jurisdiction or instead is an essential ingredient of an FLMA claim for relief. The Supreme Court's holding in Arbaugh that Title VII's limitation of the definition of "employer" to include only those having "fifteen or more employees," was an element of a Title VII claim for relief, and thus non-jurisdictional, compels the same answer here: that is, the employee-numerosity requirement is an element of the claim, not a limit upon the federal-court's subject-matter jurisdiction. Consequently, we reverse the district court's dismissal of the plaintiff's FMLA claim for lack of subject matter jurisdiction and remand the case to the district court for further proceedings upon whether the employer should be equitably estopped to pursue a "non-eligible employee" coverage defense, viz., whether the employer's erroneous representation to the employee that she was an "eligible employee" under the FMLA was made with reason to believe that she would rely upon it and whether she reasonably relied on it to her detriment.

The Family and Medical Leave Act of 1993 entitles eligible employees to take up to 12 work weeks of unpaid leave annually for any of several reasons, including a serious health condition that makes the employee unable to perform the functions of the position of such employee.[2] Subject to exceptions not applicable to this case, any eligible employee who takes leave under § 2612 shall be

---

[2] 29 U.S.C. § 2612(a)(1)(d).

entitled on return from such leave to be restored to the position of employment held when the leave commenced, or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.[3]

The Act defines "eligible employee" as "an employee who has been employed (i) for at least 12 months by the employer... and; (ii) for at least 1,250 hours of service with such employer during the previous 12-month period," *excluding any employee* who is employed at a worksite at which, or within 75 miles of which, the employer employs less than 50 employees.[4] An "employer" is defined as any person "engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."[5]

The enforcement section of the Act provides that any employer who interferes with or discriminates against the exercise of an employee's rights shall be liable to any eligible employee affected for damages as specified by the Act and for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.[6] This section also expressly creates a right of action

---

[3] Id. § 2614.

[4] 29 U.S.C. § 2611(2).

[5] Id. § 2611(4).

[6] Id. § 2617(a)(1).

and provides for federal and state court subject-matter jurisdiction:

> An action to recover the damages or equitable relief prescribed ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of (A) the employees; or (B) the employees and other employees similarly situated.[7]

*Background*

The plaintiff-appellant, Melissa Minard, was employed by the defendant-appellee, ITC Deltacom Communications, at its Baton Rouge Field Sales Office.  In May 2002, Ms. Minard requested leave pursuant to the Family Medical Leave Act to undergo surgery to treat a serious medial condition. IRC granted Ms. Minard's request for FMLA leave in a written memorandum entitled "Request for Family or Medical Leave," which specifically stated that she was an "eligible employee" under the Family and Medical Leave Act and that she had "a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period."[8]  The memorandum also informed Ms. Minard that her requested leave would be counted against her annual FMLA entitlement.[9]  Ms. Minard took the granted leave, but on the day she was scheduled to return to work, ITC terminated her employment

---

[7] 29 U.S.C. § 2617(a)(2).

[8] R. at 166

[9] Id.

rather than restoring her to her former or an equivalent position as required by the Act. After its issuance of the memorandum, and after Ms. Minard had taken leave and undergone surgery, ITC discovered that Ms. Minard was not an eligible employee under the Act at the pertinent time because when she requested leave IRC employed less than 50 employees at or within 75 miles of the worksite at which she was employed. Ms. Minard filed suit under the FMLA on February 26, 2003. ITC answered that Minard was not an "eligible employee" under the FMLA. Ms Minard amended her complaint to contend, in the alternative, that ITC is equitably estopped to deny that she was an eligible employee under the FMLA when she requested leave, because she relied to her detriment upon IRC's representation that she was at that time an eligible employee under the Act and therefore entitled to reinstatement upon returning from her medical leave.

ITC moved for summary judgment, on the ground that the district court lacked subject matter jurisdiction because on the date Ms Minard requested leave it employed less than 50 employees within 75 miles of the worksite where she was employed. Ms. Minard opposed the motion with evidence attempting to show that the prescribed workforce exceeded 50 employees at that time and, alternatively, that she had relied to her detriment upon ITC's representation that she was an eligible employee under the FMLA and entitled to the requested leave and subsequent reinstatement.

The district court granted ITC's motion for summary judgment. Without giving reasons the court's terse written ruling stated:

> The Court finds that the defendant is not an employer within the meaning of the Family and Medical Leave Act of 1993 and that the Act does not apply under the facts of this case. Likewise, the Court finds that the doctrine of equitable estoppel does not apply.[10]

Although the order states that the district court found that ITC was not an "employer" under the Act, we conclude that the court meant that Ms. Minard was not an "eligible employee" under the act. The parties' arguments and summary judgment evidence related to whether the court lacked subject matter jurisdiction because ITC employed less than 50 employees within the prescribed worksite radius. Thus, we interpret the district court's ruling as implicitly determining that it lacked subject matter jurisdiction because Ms. Minard was not an eligible employee due to there being less than 50 employees within a 75 mile radius of her worksite on the day she requested leave.

*Standard of Review*

We review <u>de novo</u> a district court's grant of summary judgment, applying the same standard applicable to the district court's ruling on the motion.[11] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and

---

[10] 2 R. 237.

[11] <u>Gowesky v. Singing River Hosp. Sys.</u>, 321 F.3d 503, 507 (5th Cir. 2003).

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[12]

*Jurisdiction*

The Supreme Court, in <u>Arbaugh v. Y & H Corporation, dba The Moonlight Café</u>, 126 S.Ct. 1235 (2006) recently clarified the distinction between the requirements for federal subject matter jurisdiction and the elements of a federal claim for relief. <u>Arbaugh</u> involved an action under Title VII of the Civil Rights Act of 1964, which makes it unlawful "for an employer...to discriminate," inter alia, on the basis of sex.[13] The Act's jurisdictional provision empowers federal courts to adjudicate civil actions "brought under" Title VII.[14] In a provision defining 13 terms used in Title VII,[15] Congress limited the definition of "employer" to include only those having "fifteen or more employees."[16] The question presented was whether the numerical qualification contained in Title VII's definition of "employer" affected federal-court subject-matter

---

[12] FED. R. CIV. P. 56(c); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

[13] <u>Id.</u> at 1238 (quoting 42 U.S.C. § 2000e-2(a)(1)).

[14] 42 U.S.C. § 2000e-5(f)(3).

[15] 42 U.S.C. § 2000e.

[16] <u>Id.</u> § 2000e(b).

jurisdiction or, instead, delineated a substantive ingredient of a Title VII claim for relief.

The case was tried to a jury, which returned a verdict for the plaintiff on her sexual harassment claim in the total amount of $40,000. After final judgment was entered on the verdict, the employer for the first time challenged the court's subject matter jurisdiction on the ground that it had fewer than 15 employees and therefore was not subject to suit under Title VII. Although recognizing that it was "unfair and a waste of judicial resources," the trial court granted the motion to dismiss because it believed that the 15-or-more employee requirement was jurisdictional.

The Supreme Court rejected that categorization and held that "the numerical threshold does not circumscribe federal-court subject-matter jurisdiction."[17] Instead, the Court explained, "the employee-numerosity requirement relates to the substantive adequacy of Arbaugh's Title VII claim, and therefore could not be raised defensively late in the lawsuit, i.e., after Y & H had failed to assert the objection prior to the close of trial on the merits."[18]

After analyzing Title VII, the basic statutory grants of federal-court subject-matter jurisdiction, and its principal decisions dealing with the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, the Supreme Court summed up its reasons and recognized a bright-line rule, as follows:

---

[17] Arbaugh, 126 S.Ct. at 1238.

[18] Id. at 1239.

[N]either § 1331, nor Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3) (authorizing jurisdiction over actions "brought under" Title VII), specifies any threshold ingredient akin to 28 U.S.C. § 1332's monetary floor. Instead, the 15-employee threshold appears in a separate provision that "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Given the "unfair[ness]" and "waste of judicial resources," App. to Pet. for Cert. 47, entailed in tying the employee-numerosity requirement to subject-matter jurisdiction, we think it the sounder course to refrain from constricting § 1331 or Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3), and to leave the ball in Congress' court. If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. See Da Silva, 229 F.3d, at 361 ("Whether a disputed matter concerns jurisdiction or the merits (or occasionally both) is sometimes a close question."). But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.[19]

Applying that "readily administrable bright line" to the case, the Court held that the threshold number of employees for application of Title VII is an "element of a plaintiff's claim for relief, not a jurisdictional issue."[20]

In light of the Supreme Court's decision in Arbaugh, we conclude that the definition section of the FMLA,[21] which defines 13 terms used in the statute, including the term "eligible employee," is a substantive ingredient of a plaintiff's claim for relief, not

---

[19] Id. at 1245 (footnote omitted).

[20] Id. at 1245.

[21] 29 U.S.C. § 2611

a jurisdictional limitation. Accordingly, § 2611(2)(B)(ii) - which excludes from the term "eligible employee" "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50" - does not circumscribe federal-court subject-matter jurisdiction. This 50-employee threshold appears in the definitions section, separate from the jurisdictional section, and does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.[22] Given the unfairness and the waste of judicial resources entailed in tying the employee-numerosity requirement to subject-matter jurisdiction, we have been instructed to refrain from our own constrictions upon jurisdictional provisions resembling Title VII's, such as the FMLA's § 2617(2)B(ii), and "to leave the ball in Congress's court."[23] "When Congress does not rank a statutory limitation on coverage as jurisdictional [as it chose not to do in § 2617(2)B(ii)], courts should treat the restriction as nonjurisdictional in character."[24] Applying the Supreme Court's Arbaugh bright line rule here, we conclude that the threshold number of employees for application of

---

[22] See Arbaugh, 126 S.Ct. at 1245 (stating "Instead, the 15-employee threshold appears in a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'") (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394,(1982)).

[23] Arbaugh, 126 S.Ct. at 1245.

[24] Id.

the FMLA is an element of a plaintiff's claim for relief, not a jurisdictional limitation.

Since Arbaugh was decided on February 22, 2006, two other Circuits have recognized and applied its bright line to conclude that limiting or qualifying language in a federal statute other than Title VII, separate from its jurisdictional section, that does not speak in jurisdictional terms or refer to the jurisdiction of the federal courts, places no constriction upon the statute's clearly designated jurisdictional provision.[25] Subsequent to Arbaugh, a third Circuit applied Arbaugh and held that Title VII's employee-numerosity requirement is an element of the plaintiff's claim, rather than a jurisdictional limitation.[26]

For these reasons, we conclude that Arbaugh has clearly rejected the conflicting view of the Courts of Appeals relied upon by ITC that employee-numerosity requirements in the FMLA and other statutes are jurisdictional rather than simply an element of a plaintiff's claim for relief.[27] Moreover, in Arbaugh itself, the

---

[25] See Partington v. American Intern'l Specialty Lines Ins. Co., 2006 WL 802500 (4th Cir. 2006)(applying Arbaugh and holding failure of a plaintiff to qualify as a "person purchasing" under the Securities Act of 1933 was not a jurisdictional limitation); Fernandez v. Centerplate/NBSE. Inc., 2006 WL 736208 (D.C. Cir. 2006)(applying Arbaugh and holding employee's failure to prove element of Fair Labor Standards Act claim does not require dismissal for lack of subject-matter jurisdiction).

[26] Faulkner v. Woods Transportation, Inc., 2006 WL 869709 (11th Cir. 2006),

[27] Viz., Douglas v. E.G. Baldwin & Associates, Inc., 150 F.3d 604 (6th Cir. 1998)(FMLA's definition of "employer" based on number of employees is jurisdictional); Wascura v. Carver, 169 F.3d 683, 685 (11th Cir. 1999)(FMLA's employer definition is

-11-

Court abrogated decisions by the Fifth and Sixth Circuits treating the Title VII employee-numerosity requirements as jurisdictional,[28] while approving of appeals courts decisions reaching the opposite conclusion with respect to the Americans with Disabilities Act as well as Title VII.[29]

*Equitable Estoppel*

Because the district court granted ITC's motion for summary judgment on the erroneous ground that the court lacked subject-matter jurisdiction, its assumption that "[l]ikewise,...the doctrine of equitable estoppel does not apply" must be rejected as having been based on the same legal error. Therefore, because we have subject-matter jurisdiction, we must address the equitable

jurisdictional and does not include public officials); <u>Dolese v. Office Depot, Inc.</u> 231 F3d 202, 203 (5th Cir. 2000)(affirmed dismissal of FMLA claim because employee had not been employed "for at least 12 months by the employer with respect to whom leave is requested" and thus was not an "eligible employee" for purposes of the FMLA).) <u>N.B.</u>, it is not clear in <u>Dolese</u> whether the court considered the 12 months' employment requirement to limit jurisdiction or the claim for relief or both.

[28] Discussing both <u>Arbaugh v. Y&H Corp.</u>, 380 F.3d 219, 223-225 (5th Cir. 2004)(Title VII's employee-numerosity requirement is jurisdictional), and <u>Armbruster v. Quinn</u>, 711 F.2d 1332, 1335 (6th Cir. 1983) (same).

[29] <u>See Arbaugh</u>, 126 S.Ct. at 1241-2 (approving, <u>inter alia</u>, <u>Da Silva v. Kinsho International Corp.</u>, 229 F.3d 358, 361-366 (2d Cir. 2000) (Title VII's employee-numerosity requirement is not jurisdictional); <u>Nesbit v. Gears Unlimited, Inc.</u>, 347 F.3d 72, 76-83 (3d Cir. 2003) (same); <u>EEOC v. St. Francis Xavier Parochial School</u>, 117 F.3d 621, 623-624 (D.C. Cir. 1997) (Americans with Disabilities Act's employee-numerosity requirement, 42 U.S.C. § 12111(5)(A), resembling Title VII's requirement, is not jurisdictional)).

estoppel question, which Ms. Minard put at issue in her amended pleadings and opposition to ITC's motion for summary judgment. After considering the arguments of the parties in light of the record, we conclude that whether ITC should be equitably estopped to assert a "non-eligible employee" coverage defense against Ms. Minard depends upon the resolution of contested issues of material fact, requiring that we remand the case to the district court for further proceedings.

The Supreme Court has recognized that, under federal law, "[e]stoppel is an equitable doctrine invoked to avoid injustice in particular cases."[30] In <u>Heckler</u>, the Court quoted and adopted the elements of estoppel set forth in § 894(1) of the RESTATEMENT (SECOND) OF TORTS, as follows:

> If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act ... the first person is not entitled...
>
> (b) to regain property or its value that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the truth has so changed his position that it would be unjust to deprive him of that which he thus acquired." Restatement (Second) of Torts § 894(1) (1979).[31]

The Court explained that the party claiming the estoppel must have relied on its adversary's conduct "'in such a manner as to

_____

[30] <u>Heckler v. Community Health Servs. of Crawford County, Inc.</u>, 467 U.S. 51, 59 (1984).

[31] Citing also RESTATEMENT (SECOND) OF AGENCY § 8B (1958)

change his position for the worse.'"[32] And, according to the Court, that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading.[33]

The RESTATEMENT, while requiring a "definite misrepresentation," does not require any intent to deceive by the party to be estopped.[34] In the Comment section, the RESTATEMENT makes clear that estoppel is appropriate even where "the one making the representation believes that his statement is true," and, moreover, "it is immaterial whether the person making the representation exercised due care in making the statement."[35] In adopting the Restatement's estoppel principles, the Supreme Court evidently

---

[32] Heckler, 467 U.S. at 59, n.9 (quoting 3 J. POMEROY, EQUITY JURISPRUDENCE § 805, p. 192 (S. Symons ed., 1941); see also 3 EQUITY JURISPRUDENCE § 812.

[33] Heckler at 59, n.10 (citing Wilber National Bank v. United States, 294 U.S. 120, 124-125 (1935)) (also quoting 3 EQUITY JURISPRUDENCE § 810 at 219 for the proposition that

> The truth concerning these material facts must be unknown to the other party claiming the benefit of the estoppel, not only at the time of the conduct which amounts to a representation or concealment, but also at the time when that conduct is acted upon by him. If, at the time when he acted, such party had knowledge of the truth, or had the means by which with reasonable diligence he could acquire the knowledge so that it would be negligence on his part to remain ignorant by not using those means, he cannot claim to have been misled by relying upon the representation or concealment. (Footnote omitted).

[34] RESTATEMENT (SECOND) OF TORTS at § 894(1).

[35] RESTATEMENT (SECOND) OF TORTS, § 894(1), cmt. b.

intended that they should be read and applied in light of the Restatement's explanatory provisions.

Accordingly, an employer who without intent to deceive makes a definite but erroneous representation to his employee that she is an "eligible employee" and entitled to leave under FMLA, and has reason to believe that the employee will rely upon it, may be estopped to assert a defense of non-coverage, if the employee reasonably relies on that representation and takes action thereon to her detriment.[36]

Applying the Restatement principles of equitable estoppel adopted as federal law by the Supreme Court in Heckler, we conclude that ITC unintentionally made a definite misrepresentation to Ms. Minard that she was an "eligible employee" under FMLA at the time she requested leave; that she reasonably relied upon that misrepresentation in taking leave and undergoing surgery for the

---

[36] See Kosakow v. New Rochelle Radiology Assocs., 274 F.3d 706, 724-25 (2d Cir. 2001) (affirming the district court's decision to estop an employer from asserting an affirmative defense challenging an employee's FMLA eligibility when the employer's unintentional misleading behavior caused the employee to justifiably and detrimentally rely on the FMLA leave); see also Woodford v. Community Action of Greene County, Inc., 268 F.3d 51, 57 (2d Cir. 2001) (authorizing equitable estoppel where an employer initially provided notice of eligibility for leave and later seeks to challenge it); Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000) (recognizing, in dicta, a district court's ability to equitably estop employers from asserting an affirmative defense contesting an employee's entitlement to FMLA leave in situations where the employer's words or conduct has misled the employee into relying on the leave); see also, Duty v. Norton-Alcoa Proppants, 293 F.3d 481 (8th Cir. 2002)(affirming a district court's application of equitable estoppel in an FMLA case and collecting authorities).

protection of her health. ITC strongly challenges, however, whether Ms. Minard  so relied to her detriment, contending that she would have been forced to undergo her surgery at that time regardless of whether she had been informed that she was entitled to FMLA leave or whether ITC had granted it. Ms. Minard, on the other hand, argues that she can demonstrate that there were other medical alternatives available to her that would have enabled her to be treated safely without undergoing surgery at that particular time; and that she would have followed such an alternate course if ITC had correctly informed her that she was not then an "eligible employee" under the Act. Thus, there is a genuine dispute between the parties as to material issues of fact, requiring that we reverse the district court's summary judgment, and remand the case to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.