# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2007

Charles R. Fulbruge III
Clerk

No. 06-61109
Summary Calendar

PATRICIA DUROSE

Plaintiff-Appellant

V.

GRAND CASINO OF MISSISSIPPI INCORPORATED

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:04-CV-823

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case arises from an employer's decision to terminate one of its employees after the expiration of her leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54 (2006). The district court granted summary judgment to the employer. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Appellant Patricia Durose ("Durose") was hired by Defendant-Appellee Grand Casino of Mississippi, Inc. ("Grand Casino") in 1992 and ultimately advanced to the position of slot supervisor. Around December 16, 2002, Durose became ill and took leave under the FMLA. She returned to work on February 7, 2003, after using fifty-three days of leave.

In early March 2003, Durose sustained an injury outside of work, and her doctor required her to be on leave for at least three weeks. Durose filled out a request for FMLA leave to begin on March 27 and turned the request in to Laura McCool ("McCool"), a benefits administrator for Grand Casino. McCool created an FMLA checklist that indicated that Durose's maximum return date under the FMLA was April 29, 2003, but that Durose expected to be able to return to work on April 18, 2003. Durose admitted that she was told she had only thirty-two days of FMLA leave remaining.

On April 9, 2003, Durose received a note from her physician restricting her from working through April 29, 2003, at which time she had another doctor's appointment. Durose discussed the matter with McCool and extended her FMLA leave until April 29, 2003. McCool sent a letter to Durose around April 11 or 12 that stated that Durose's FMLA leave would not expire until May 28, 2003, and that Durose must return to work on May 29, 2003. McCool states that this was a typographical error, as the correct dates were April 28 and April 29, respectively. McCool testified that she spoke with Durose about the letter and explained that the dates were incorrect. Durose did not mention this conversation in her deposition or affidavit.

During the week of April 14, 2003, Durose filled out paperwork requesting a personal leave of absence to begin on April 29, 2003, and to last approximately three weeks. Pursuant to Grand Casino's policy, an employee may request personal leave when her FMLA leave expires, but the leave is granted at the

discretion of Grand Casino. Durose testified that she filled out the request for personal leave because McCool told her that her FMLA leave would expire on April 28, 2003. Robert Williams ("Williams"), Durose's supervisor, denied Durose's request for leave. Durose's doctor's appointment on April 29, 2003 resulted in another three weeks' restriction of her ability to work. On April 30, 2003, Grand Casino terminated Durose's employment because she "failed to return from FMLA."

Durose was not released to work by her doctor until June 5, 2003. Durose subsequently applied for Social Security disability benefits, and the Social Security Administration determined that Durose was unable to work as of March 27, 2003 to the present. Durose stated in her deposition in the instant case that she is currently unable to work in any capacity.

Durose filed suit against Grand Casino in federal district court on November 8, 2004, bringing claims of breach of contract, promissory estoppel, and failure to provide sufficient leave under the FMLA. Following a period of discovery, Grand Casino filed a motion for summary judgment. The district court granted the motion in its entirety and dismissed Durose's claims. Durose appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and now turn to the merits of our decision.

## II. DISCUSSION

We review a district court's order granting summary judgment de novo. Morris v. Equifax Info. Servs., L.L.C., 457 F.3d 460, 464 (5th Cir. 2006). Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Bulko v. Morgan Stanley DW, Inc., 450 F.3d 622, 624 (5th Cir. 2006). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for

the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the court must take all facts and evidence in the light most favorable to the non-movant. United Fire & Cas. Co. v. Hixson Bros., Inc., 453 F.3d 283, 285 (5th Cir. 2006).

A.    FMLA Leave

On appeal, Durose contends that the district court erred when it determined that she had not raised a genuine issue of material fact regarding her claim that she was given insufficient FMLA leave. The FMLA requires an employer to give twelve workweeks of leave during any twelve-month period to an employee who has a serious health condition that prevents her from performing the functions of her job. 29 U.S.C. § 2612(a)(1)(D). Durose does not dispute on appeal that her twelve weeks of FMLA leave expired on April 28, 2003. The only question is whether McCool's letter indicating Durose's FMLA leave would not expire until May 28, 2003, somehow extended Durose's rights under the FMLA. We hold that it did not.

The FMLA permits damages only to those employees whose FMLA rights have been violated. 29 U.S.C. § 2617. Here, Grand Casino gave Durose all twelve weeks of leave to which she was entitled under the FMLA. That Grand Casino inadvertently informed Durose that she had more leave under the FMLA does not create a statutory right to extra leave. Such a misstatement may give rise to a cause of action in state law, but it does not give rise to a cause of action under the FMLA. See Kelso v. Corning Cable Sys. Int'l Corp., 224 F. Supp. 2d 1052, 1056 (W.D.N.C. 2002) ("An overestimate of leave by an officer or agent of an employer covered by the FMLA does not provide the basis for a cause of action under the FMLA.").

This is in accordance with Supreme Court precedent. In Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81 (2002), the Court considered a regulation that required an employer to give more than twelve weeks of leave to

an employee if the employer failed to notify the employee that her leave was considered FMLA leave. The Court struck down the regulation as inconsistent with the FMLA's express provisions, because the regulation created a presumption of harm and "relieve[d] employees of the burden of proving any real impairment of their rights and resulting prejudice." Id. at 90. Similarly, in this case, extending Durose's leave under the FMLA solely because of the erroneous letter would relieve Durose of her burden to prove that she was prejudiced in any way by the letter. See Farina v. Compuware Corp., 256 F. Supp. 2d 1033, 1053-57 (D. Ariz. 2003) (relying on Ragsdale and dismissing FMLA claim that arose from the employer's mistaken letter indicating the employee had more FMLA leave than she did).

Here, Durose has not shown that she was prejudiced or harmed in any way by McCool's letter. Durose was able to timely apply for personal leave that would begin on April 29, 2003, after her FMLA leave actually expired. Indeed, Durose testified that she applied for personal leave because McCool told her that her FMLA leave would expire on April 28, 2003. Further, Durose has offered no testimony that she would have come back to work early and in violation of her doctor's orders had she known that her FMLA leave expired on April 28. Consequently, Durose has not shown that the incorrect letter harmed or prejudiced her in any way.

This failure to establish harm is what differentiates Durose's claim from the one considered by this court in Minard v. ITC Deltacom Communications, Inc., 447 F.3d 352 (5th Cir. 2006), a case on which Durose relies. In Minard, ITC informed Melissa Minard that she was eligible for twelve weeks of FMLA leave, which Minard then took. Id. at 354. ITC subsequently discovered that Minard was not an "eligible employee" under the FMLA and terminated Minard at the expiration of her leave. Id. The Fifth Circuit considered the effect of ITC's prior representation concerning Minard's eligibility for leave under a theory of

equitable estoppel. Id. at 358-59. The court held that Minard had created a fact issue regarding whether she detrimentally relied on ITC's statement because she testified that had she known she was not eligible for FMLA leave, she would have pursued other options for her medical condition that would not have required leave. Id. at 359. Here, again, Durose has offered no testimony that she would have cut her leave short and come back to work in violation of her doctor's orders had she known that her leave ended on April 28, 2003.

Consequently, Durose has failed to establish an FMLA violation because it is undisputed that she was given all the leave required by the FMLA and she has not presented any evidence that she detrimentally relied on McCool's letter indicating that Durose had more leave available. Therefore, we affirm that portion of the district court's judgment dismissing Durose's FMLA claims.

B.    Breach of Contract and Promissory Estoppel

Durose also argues that the district court erred by dismissing her breach of contract and promissory estoppel claims. To establish these claims, Durose again relies on the letter from McCool which erroneously stated her FMLA leave would not expire until May 28, 2003.

With respect to her breach of contract claim, the district court ruled that, even if McCool's letter created an enforceable promise, Durose did not show that she could have returned to work on May 29, 2003. Durose has not challenged this finding on appeal. Instead, the only evidence before the court is that Durose was not released by her doctor to work until June 5, 2003, and that the Social Security Administration subsequently found her disabled beginning on March 27, 2003. Although the Social Security Administration's finding is not necessarily binding on us, see Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 807 (1999), Durose has presented no evidence to refute Grand Casino's evidence that Durose could not return to work in May and, in fact, has

never been able to return to work. Therefore, Durose has not created a genuine issue of material fact that she could perform the alleged contract.

The same holds true for Durose's promissory estoppel claim. Under Mississippi law, the doctrine of promissory estoppel provides that:

> an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetuation of fraud or would result in other injustice.

Serv. Elec. Supply Co. v. Hazlehurst Lumber Co., 932 So. 2d 863, 870 (Miss. App. 2006) (quoting C.E. Frazier Constr. Co. v. Campbell Roofing & Metal Works, Inc., 373 So. 2d 1036, 1038 (Miss. 1979)). Significantly, there must be reliance by the plaintiff on the defendant's alleged promise before a cause of action will arise. As noted above, there is no evidence that Durose "relied" on McCool's incorrect statement regarding Durose's FMLA leave. Durose timely applied for the appropriate personal leave and there is no evidence that Durose was able to come back to work even after May 28, 2003. As a result, she has failed to create a genuine issue of material fact regarding an essential element of her promissory estoppel claim, and the district court correctly dismissed it.

## III. CONCLUSION

Because the district court did not err in determining that Durose failed to raise a genuine issue of material fact regarding her claims in this case, we AFFIRM the judgment of the district court.

AFFIRMED.