IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60802
Cons. w/ No. 08-60140

CEYRELIA LADNER

Plaintiff-Appellee

V.

HANCOCK MEDICAL CENTER

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:05-CV-333

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hancock Medical Center (Hancock) appeals following a jury verdict in favor of Ceyrelia Ladner on Ladner's claim under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. Hancock also appeals from the district court's award of attorneys' fees to Ladner. For the following reasons, we AFFIRM.

1. Hancock argues that the evidence was insufficient to show that Ladner's son Stanton was incapacitated due to a serious health condition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on September 15, 2004, and that the evidence was also insufficient to show that it had notice of any such serious health condition. Ladner informed Hancock on September 14, 2004, that Stanton, who has chronic asthma, had an asthma attack the previous day. Ladner said that her son was sick and was wheezing. She testified that her son's attacks usually require treatment for several days afterward. Ladner was therefore concerned about reporting for hurricane "lockdown" duty scheduled for the next day. She offered to bring Stanton with her to work, but Hancock would not allow it. Although Stanton attended school on September 14, he had to take his inhaler with him, and his teachers, who were aware of Stanton's condition, were given instructions to be sure Stanton used the inhaler at the prescribed time. Ladner testified that during the subsequent evacuation Stanton continued vomiting and had another asthma attack. Although Hancock vigorously contested Ladner's testimony and whether Stanton's condition constituted a serious health condition, it was the jury's province to evaluate the credibility of witnesses and weigh the evidence. See Laxton v. Gap Inc., 333 F.3d 572, 585 (5th Cir. 2003). The evidence here was sufficient to show that Stanton was incapacitated on September 15 and was unable to perform his regular daily activities, thereby requiring care from Ladner. See 29 U.S.C. § 2612(a)(1)(C); 29 C.F.R. § 825.114(a)(2)(iii). The evidence was also sufficient for the jury to find that Ladner gave adequate notice of the need to be absent from work to Hancock, which had been aware of Stanton's chronic condition since the time that it hired Ladner. See Manuel v. Westlake Polymers Corp., 66 F.3d 758, 764 (5th Cir. 1995) (sufficiency of notice is determined by "whether the information imparted to the employer is sufficient to reasonably

apprise it of the employee's request to take time off for a serious health condition"); 29 C.F.R. § 825.208(a)(1).

2. Hancock also argues that the district court erroneously refused its request to instruct the jury on the definition of "incapacity." Hancock concedes that the court correctly instructed the jury on the definition of a "serious health condition," however, and we conclude that the jury instructions as a whole did not mislead the jury and do not create "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." Pierce v. Ramsey Winch Co., 753 F.2d 416, 425 (5th Cir. 1985) (internal quotation marks and citation omitted).

3. Hancock next challenges the award of backpay to Ladner, contending that there was insufficient evidence to support the award because Ladner's annual earnings were higher after her employment with Hancock was terminated. The FMLA permits an employee to recover wages lost as a result of a violation of the Act. 29 U.S.C. § 2617(a)(1)(A). After reviewing the record, including Ladner's testimony and her W-2 income forms, we conclude that there was sufficient evidence that Ladner suffered damages, and we decline to disturb the jury's award.

4. Finally, Hancock argues that the district court erroneously awarded Ladner her attorneys' fees, asserting that the court erred in its determination of the reasonableness of the hours claimed by Ladner's two attorneys. Hancock makes no argument contesting the hourly rate determined by the district court. The record shows that the district court considered the relevant factors and reduced the claimed hours of Attorney Eaton by 60% and reduced the claimed hours of Attorney Persons by two-thirds. We find that the district court's determination of the number of hours is not clearly erroneous, and we see no abuse of discretion in the fee

award.  See La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324, 329 (5th Cir. 1995).

AFFIRMED.