# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2011

No. 10-10944
Summary Calendar

Lyle W. Cayce
Clerk

GIRARD J. BAHAM, JR.,

Plaintiff-Appellant,

v.

MCLANE FOODSERVICE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09–CV–914

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Girard J. Baham, Jr., appeals the district court's grant of summary judgment to defendant-appellee McLane Foodservice, Inc. on Baham's Family Medical Leave Act (FMLA) claims. We AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-10944

I.

McLane hired Baham in 2006. Baham reported directly to the Director of Facilities and Real Estate, Jose Restrepo. In December 2007, Baham requested vacation leave for March 17 through March 28, 2008. During that vacation, Baham's daughter fell and suffered serious head trauma. Her injuries were so severe that she had to be airlifted from Honduras to Miami, Florida. She underwent emergency surgery once she arrived in Miami. While in Miami, Baham contacted Restrepo and told him about his daughter's injury. Restrepo told Baham to "take all of the time he needed" and forwarded him the necessary FMLA paperwork. Baham completed the FMLA forms requesting leave from March 20 through May 5, 2008 and faxed them to McLane's benefits administrator, Lisa Scudiero.

Scudiero subsequently notified Baham that his FMLA paperwork was incomplete. In response, Baham sent Scudiero additional medical records, but nothing indicating the duration of his daughter's treatment, which was one of the missing pieces of information Scudiero had requested. Baham and his wife remained in Miami while their daughter recovered and received follow-up treatments from her doctor. On April 12, 2008, however, Baham returned to Texas alone. Baham did not report to work until May 5, 2008 and did not contact McLane at any time between April 12 and May 5 to inform McLane that he had returned from Florida.

Baham testified in his deposition that he returned to Texas because he had received calls from the neighborhood association complaining of his untended yard. He also stated that the house needed to be cleaned, and that he needed to add padding to the sharp edges in the home to protect his daughter upon her return. He claimed that he remained in constant contact by telephone with his wife and daughter during the time he was alone in Texas. Baham was alone in

2

Texas from April 12 until April 29, 2008, when his wife and daughter returned to Texas.

Upon returning to work on May 5, Restrepo and McLane's Director of Human Resources informed Baham that his FMLA paperwork was incomplete and asked him to gather the needed information. Later that day, Baham left the McLane premises, leaving his keys and identification card with a security guard. McLane interpreted his departure as a resignation, and sent a letter two days later terminating his employment. Baham disputes that he intended to resign.

Baham filed suit, claiming that McLane terminated him in violation of the FMLA. McLane moved for summary judgment, contending that because Baham did not return to work when he returned to Texas, he could not show that he suffered an adverse employment action and could not show a causal connection between the exercise of his FMLA rights and an adverse employment action. The district court first considered whether Baham established a prima facie case of FMLA retaliation.[1] The district court observed that in order to establish the first prong of such a case—that the plaintiff engaged in activity protected under the FMLA—Baham was required to show that he was entitled to FMLA leave throughout the period in question.

The district court therefore considered Baham's entitlement to FMLA leave. Noting that the parties agreed that Baham was an eligible employee under the FMLA, that McLane is an employer covered by the FMLA, and that

---

[1] In addition to the proscriptive claim discussed above—that is, Baham's allegation that McLane improperly penalized him for exercising his rights under the FMLA—Baham also argues that his complaint sets forth a prescriptive claim—that is, interference with his right to take unpaid family leave. The district court correctly determined that Baham's complaint asserted "only a violation of a proscriptive protection" and therefore did not reach Baham's prescriptive claim. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2001). The complaint does not mention a prescriptive claim, set forth claims that track the FMLA's interference provisions, or indeed give any indication that Baham intended to allege an interference claim. As District Judge Reed O'Connor aptly observed in his well-reasoned opinion below, "[j]udges are not pigs, hunting for truffles buried in briefs." (quoting *de la O v. Housing Auth. of City of El Paso, Texas*, 417 F.3d 495, 501 (5th Cir. 2005).

Baham's daughter suffered from a "serious medical condition," the district court then considered whether Baham was "needed to care for" his daughter during the two weeks he returned to Texas. The district court decided that he was not, concluding that "he was not needed to care for his daughter because . . . she would be appropriately cared for by [Baham's] wife and wife's parents in his absence." Further, the district court observed that "care" under the FMLA requires actual care in close and continuing proximity with the sick family member. Even if padding the house provided Baham's daughter with a benefit, in the district court's view, that benefit was only incidental. Thus, the district court concluded that Baham had failed to establish he was entitled to FMLA leave between April 12 and April 29, 2008, and that he therefore could not established a retaliation claim for engaging in activity protected by the FMLA.

The district court then considered whether equitable estoppel would operate to excuse Baham's failure to set forth a prima facie case. Because the statement on which Baham claims he relied was not a definitive statement that the FMLA applied, the district court held that equitable estoppel did not apply to the facts of this case.

## II.

Baham contends that McLane retaliated against him by terminating his employment for taking FMLA leave to look after his daughter. Thus, Baham argues that the district court erred in finding that he had not set out a prima facie case of FMLA discrimination. McLane responds that because Baham was not "taking care" of his daughter after he returned to Texas, Baham was not eligible for FMLA leave and therefore cannot set forth a cognizable retaliation claim under the statute. We agree.

We review a district court's grant of summary judgment *de novo*, construing all facts and inferences in the light most favorable to the nonmoving party. *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005); *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005). Summary judgment is

4

proper only when the movant demonstrates that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Fed. Ins. Co. v. Ace Prop. & Cas. Co.*, 429 F.3d 120, 122 (5th Cir. 2005).

The FMLA allows eligible employees to take up to twelve weeks of leave during any twelve month period in order to care for a family member who has a serious health condition. 29 U.S.C. § 2612(a)(1)(C). The FMLA allows leave for an employee to provide either physical or psychological care to an eligible family member. To be entitled to FMLA leave, the employee must show that he is needed "to care for" a family member with a serious health condition. *Id.* In addition to providing physical care, the employee is entitled to leave in order to provide psychological comfort and reassurance which would be beneficial to his or her child or to make arrangements for changes in care such as transfer to a nursing home. *See* 29 C.F.R. § 825.116(a); *see also*, *Scamihorn v. General Truck Drivers*, 282 F.3d 1078, 1087 (9th Cir. 2002).

An employee who suffers an adverse employment action after seeking FMLA leave may bring a retaliation action. Such a plaintiff must show that (1) he engaged in an activity protected under the FMLA; (2) he was subjected to a materially adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001). If the employee succeeds in making a prima facie case, the burden shifts to the employer to articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action. *Id.* Once the employer has done so, then the plaintiff must show by a preponderance of the evidence that the employer's reason is a pretext for retaliation. *Id.*

Courts have affirmed the use of FMLA leave only where the employee is in physical proximity to the cared-for person. A Ninth Circuit case, *Tellis v. Alaska Airlines, Inc.*, is instructive. 414 F.3d 1045 (9th Cir. 2005). There, an employer terminated an airline mechanic based in Seattle, after the employee

used FMLA leave to fly to another state to retrieve his car rather than staying with his wife during her pregnancy. *Id.* at 1046. The Ninth Circuit held that to invoke the FMLA's protections, "some actual care" is required under the FMLA. *Id.* at 1047. "[C]aring for a family member with a serious health condition 'involves some level of participation in ongoing treatment of that condition.'" *Id.* (quoting *Marchisheck v. San Mateo Cnty.*, 199 F.3d 1068, 1076 (9th Cir. 1999)). "Caring for" a family member under the FMLA involves a particular activity that is conducted "in close and continuing proximity to the ill family member." *Id.* Because Tellis had left his wife's side for four days, instead of participating in her ongoing treatment, the Ninth Circuit determined that he was not "caring for" her as required to invoke the protections of the FMLA.

Here, the record shows that Baham was not with his daughter during the disputed period. Indeed, he was in another state for more than two weeks. Moreover, the work that he was doing while away—including mowing the lawn and cleaning his house, in addition to preparing the house by padding the furniture, does not qualify as care under the FMLA.[2]

In support of his argument that he was nevertheless entitled to FMLA leave while in Texas away from his daughter, Baham argues that he was in frequent telephone contact with his wife, who was taking care of his daughter, and relies on two district court cases which he says stand for the proposition that being physically apart from an ill family member does not necessarily disqualify the employee from FMLA leave. *See Briones v. Genuine Parts Co.*, 225 F. Supp. 2d 711, 716 (E.D. La 2002); *Call v. Fresenius Med. Care Holdings, Inc.*, 534 F.Supp. 2d 184, 197 (D.Mass. 2008).

---

[2] Baham also argues that he was never given proper notice that returning to Texas alone would violate the FMLA. He can point to no legal authority, however, suggesting that an employer is required to describe the precise limits of FMLA leave, especially when it is undisputed that he did not tell his employer of his changed plans.

Those cases are distinguishable. In one case, for example, the district court found an employer's decision to fire an employee for staying home with three healthy children for two days, while his wife cared for a sick child in the hospital, to violate the FMLA. *See Briones,* 225 F. Supp. at 716. In another district court case relied on by Baham, the district court held that an employee's need for a nap did not disqualify her from FMLA leave because "she did not have to be caring for [her sick child] the entire day in order to merit FMLA leave, since a jury could believe that Plaintiff was unprepared to go into work that evening after spending the entire day caring for her daughter." *Call*, 534 F. Supp. 2d at 196. Even if those district court cases were controlling precedent here—which they are not—they are factually inapposite, as neither case involves the absence of the caregiver, out-of-state, for weeks as here.[3] Indeed, we can find no authority holding that merely remaining in frequent telephone contact with a relative while in another state constitutes providing care for the purposes of the FMLA. *See Tellis*, 414 F.3d at 1047. Thus, Baham cannot show that he was caring for his daughter, under the FMLA, during the two weeks he was in Texas alone. He therefore was not engaged in a protected FMLA activity when he left McLane.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

[3] Baham also claims that because a McLane employee told him "to take all the time you need," McLane is liable under an equitable estoppel theory. Nothing in McLane's assurances implies either that Baham could take his FMLA leave to return to Texas to complete tasks at his house. The content of the alleged assurance was, at most, that Baham was an eligible employee entitled to take FMLA leave. McLane does not dispute that had Baham followed the rules, he was indeed eligible for FMLA relief. The assurance Baham received, therefore, makes no difference to the resolution of this case. *See Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 358 (5th Cir. 2006) (describing the application of equitable estoppel in the FMLA context).