# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2025

Lyle W. Cayce
Clerk

No. 25-10567
Summary Calendar

———————

Leigh Holland,

*Plaintiff—Appellant*,

*versus*

Texas Christian University,

*Defendant—Appellee*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-289

———————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

When Leigh Holland returned from leave, Texas Christian University informed her it was terminating her employment based on unsatisfactory job performance. She sued, alleging one count of Family Medical Leave Act discrimination, interference, and retaliation. The district court granted summary judgment in favor of Texas Christian University. We AFFIRM.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10567

I

After over twenty years working in various roles for Defendant-Appellee Texas Christian University ("TCU"), Plaintiff-Appellant Leigh Holland took leave under the Family Medical Leave Act ("FMLA") with TCU's approval due to mental health concerns. On the day she returned, TCU informed her that she would be terminated. Holland alleges she was terminated in retaliation for taking FMLA leave. TCU asserts it terminated Holland because various problems with her performance became apparent while she was on leave. After her termination, Holland sued TCU in the United States District Court for the Northern District of Texas, bringing a single count she labeled as FMLA discrimination, interference, and retaliation. The district court granted TCU's motion for summary judgment, dismissing Holland's claims with prejudice.

II

We review a court's grant of summary judgment de novo. *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015). Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A non-movant will not avoid summary judgment by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'" *Lawrence*, 808 F.3d at 673 (quoting *Likens v. Hartford Life & Accident Ins. Co.,* 688 F.3d 197, 202 (5th Cir. 2012)).

III

Generally, to establish a prima facie case of FMLA interference, discrimination, or retaliation, a plaintiff must show, among other things, that she was entitled to leave. *See Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017) (interference); *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998) (discrimination and retaliation). One of the ways an employee

can be entitled to leave is "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The district court correctly held that Holland's FMLA claim failed as a matter of law because Holland did not demonstrate that she was entitled to FMLA leave. Both Holland and her doctor agreed that she was never unable to perform the functions of her position. Therefore, Holland cannot establish her entitlement for leave under § 2612(a)(1)(D). *See Ford-Evans v. United Space All. LLC*, 329 F. App'x 519, 527 (5th Cir. 2009) (per curiam) (affirming employee ineligibility where she "admitted in testimony that she was able to do the essential functions of her position at all material times"); *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 699 (5th Cir. 1997) (affirming ineligibility where plaintiff provided no evidence he was "unable to work").[1]

Even where an employee is not entitled to FMLA leave, an employer may be estopped from asserting non-entitlement as a defense if the employer represented to the employee that she was eligible, had reason to believe the

---

[1] On appeal, Holland alternatively argues for the first time that her chronic depression qualified as a "chronic serious health condition" which entitled her to leave. 29 C.F.R. § 825.115(c) defines a serious health condition involving continuing treatment by a health care provider to include "[a]ny period of incapacity or treatment for such incapacity due to a chronic serious health condition." Holland has likely forfeited this argument by failing to raise it below. *See Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002). Regardless, Holland's argument under § 825.115(c) fails for similar reasons: She has presented no evidence that she was incapacitated or substantially limited in her ability to work. *See* 29 C.F.R. § 825.113(b) ("The term incapacity means inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom."). Holland testified as to her ongoing ability to both work and "at least moderately function in normal life activities" including practicing self-care, maintaining social relationships, driving, and advertising a property for rent. And the cases Holland cites are of no help. *See Ladner v. Hancock Med. Ctr.*, 299 F. App'x 380, 381 (5th Cir. 2008) (per curiam) (upholding jury determination that asthma qualified as "serious health condition" where sufferer "was unable to perform his regular daily activities").

employee would rely on that representation, and the employee reasonably relied on that representation to her detriment. *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006). The district court also correctly found that Holland failed to present evidence that she detrimentally relied on TCU's representation that she was eligible for leave. Instead, Holland testified that she would have taken the full amount of leave regardless of TCU's approval of her request. This proves fatal to her assertion of detrimental reliance. *See Durose v. Grand Casino of Miss. Inc.*, 251 F. App'x 886, 890 (5th Cir. 2007) (per curiam) (distinguishing *Minard* to find no FMLA violation because the plaintiff did "not present[] any evidence that she detrimentally relied on" her employer's misrepresentation). Because Holland cannot establish that she was eligible for FMLA leave, nor that TCU is estopped from challenging that eligibility, she cannot establish a prima facie case of FMLA interference, discrimination, or retaliation.

## IV

Because Holland has demonstrated no error on the part of the district court, we AFFIRM.