Revised November 21, 2000

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50375

Summary Calendar

_____

GLENN DOLESE                          Plaintiff-Appellant,

versus

OFFICE DEPOT, INC., et al.    Defendants,

OFFICE DEPOT, INC.            Defendant-Appellee

_____

Appeal from the United States District Court
For the Western District of Texas

_____

November 7, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant originally filed suit in state court, alleging that his termination violated the Americans with Disabilities Act ("ADA"),[1] the Age Discrimination in Employment Act ("ADEA"),[2] the Texas Commission on Human Rights Act ("TCHRA"),[3] and

_____

[1] *See* 42 U.S.C. § 12101 *et seq.*

[2] *See* 29 U.S.C. § 621 *et seq.*

[3] *See* Tex. Labor Code Ann. § 21.001 *et seq.*

the Texas Workers' Compensation Act ("TWCA").[4] After the case was removed to federal district court, Dolese obtained a partial remand as to the TWCA claim. He amended his state court complaint to include a claim under the Family and Medical Leave Act ("FMLA"),[5] which was then removed to federal court and consolidated with his ADA claim (Dolese withdrew his TCHRA and ADEA claims). He seeks reversal of the district court's denial of his motion for remand. Dolese also asks us to reverse the dismissal of his FMLA claim and the grant of summary judgment in Office Depot's favor on the ADA claims. We refuse to overturn the considered judgment of the district court.

As the district court recognized, removal was appropriate[6] and federal jurisdiction was manifestly present. The district court would have had jurisdiction if the case had been originally filed in district court, as an exercise of supplemental jurisdiction.[7] Dolese does not dispute the fact that his TCHRA claims form part of the same case or controversy as his ADA and ADEA claims; all emerge out of the circumstances surrounding his termination.[8] Moreover, Dolese failed to move for remand of his FMLA claims at the district

---

[4] *See* Tex. Labor Code Ann. § 451.001.

[5] *See* 29 U.S.C. § 2601 *et seq.*

[6] *See* 28 U.S.C. § 1441(a).

[7] *See* 28 U.S.C. § 1367.

[8] *See* 28 U.S.C. § 1367; *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163-66 (1997).

court level, depriving us of the power to decide on appeal the propriety of remand of these claims.[9]

Moreover, the dismissal of his FMLA claims was appropriate. As Dolese had not been employed "for at least 12 months by the employer with respect to whom leave is requested," he was not an "eligible employee" for purposes of the FMLA.[10] Although Office Depot's policies are more generous in defining employee eligibility for FMLA protections, they do not create an FMLA cause of action. The Department of Labor regulation cited by Dolese - i.e., 29 C.F.R. § 825.700[11] - is inapposite, as it addresses only the situation where an employer program exceeds FMLA requirements regarding "family or medical leave rights" - not eligibility criteria. Even if this provision is on point, however, lower courts have uniformly interpreted it as not providing a cause of action under the FMLA;[12] to the extent that the regulation does so, it is

---

[9] *See Agrilectric Power Partners, Ltd. v. Energy Gulf States, Inc.*, 207 F.3d 301, 304 n.7 (5th Cir. 2000).

[10] *See* 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110(a)(1).

[11] The provision stipulates: "An employer must observe any employment benefit program or plan that provides greater family or medical leave rights to employees than the rights established by the FMLA." 29 C.F.R. § 825.700(a).

[12] *See Covey v. Methodist Hosp. of Dyersburg, Inc.*, 56 F. Supp.2d 965, 971-72 (W.D. Tenn. 1999); *Hite v. Biomet, Inc.*, 53 F. Supp.2d 1013, 1018 (N.D. Ind. 1999); *Rich v. Delta Air Lines, Inc.*, 921 F. Supp. 767, 773-74 (N.D. Ga. 1996).

invalid.[13] As the Sixth Circuit has noted, a contractual agreement to provide enhanced benefits does not provide federal courts with jurisdiction.[14]

Finally, summary judgment was appropriate on Dolese's ADA claims. He was not "disabled" under the meaning of the statute,[15] and can not therefore establish the requisite prima facie case.[16] In light of the preceding, the district court's judgment is AFFIRMED.

AFFIRMED.

---

[13] *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); *Rich*, 921 F. Supp. at 773-74; *see also McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1308 (11th Cir. 1999).

[14] *See Douglas v. E.G. Baldwin & Assocs, Inc.*, 150 F.3d 604, 608 (6th Cir. 1998).

[15] *See* 42 U.S.C. § 12102(2); *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 521-23 (1999); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999).

[16] *See Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 763 (5th Cir. 1996).