[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 FACTS
The plaintiff, Lisa Szpryngel, filed a second amended complaint on April 12, 2000, alleging a violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et. seq.[1] by the defendant, Waterbury Extended Care Facility, Inc. The plaintiff alleges that she was terminated from her position at the defendant's facility while on leave for a medical condition. The defendant's leave policy provides for twenty six weeks of paid leave for medical conditions. The plaintiff's leave lasted approximately six months before she was terminated.
On September 21, 2000, the defendant filed a motion for summary judgment on the grounds that (1) the plaintiff did not give adequate or timely notice to the defendant that she was exercising her FMLA rights and (2) the FMLA does not apply because the defendant's leave policies exceed those granted by the FMLA and (3) the acts the plaintiff complains of do not violate the FMLA.[2] The plaintiff argues in reply that there are issues of material fact both as to whether the plaintiff was CT Page 5582 restricted in her work functions and that, if she were so restricted, she could nonetheless perform her job functions adequately.[3] Both parties submitted memoranda of law and affidavits in support of their positions. The court originally heard argument on the motion on October 16, 2000, then heard additional oral argument on April 2, 2001.
 DISCUSSION
Summary judgment provides a method to resolve litigation when all of the evidence presented shows both that there is no question of material fact and that the moving party is entitled to judgment as a matter of law. See Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). The court should view the evidence presented in the light most favorable to the nonmoving party. See id., 386.
The defendant argues that because the company's leave policy confers rights that exceed those granted by the FMLA, the FMLA should not be construed to provide the plaintiff with more leave than specifically set forth in the statute. The plaintiff argues in reply that the defendant violated the FMLA because the defendant terminated the plaintiff even though the plaintiff was entitled to an additional twelve weeks of unpaid FMLA leave after exhausting the twenty six weeks of paid leave granted pursuant to company policy.
"The FMLA generally requires covered employers to grant employees who have worked for twelve months (or 1250 hours in twelve months) up to twelve weeks' leave during any twelve month period for . . . a serious health condition that makes the employee unable to perform the functions of the position of such employee." (Internal quotation marks omitted.)Hale v. Mann, 219 F.3d 61, 68 (2d Cir. 2000). "The Act grants eligible employees affected by such unlawful conduct a private right of action for damages or equitable relief." Sarno v. Douglas Elliman-Gibbons Ives,Inc., 183 F.3d 155, 160 (2d Cir. 1999).
The defendant argues that because the plaintiff was afforded more than the twelve weeks of leave required by the FMLA, she was afforded all of the protection that the statute requires. The plaintiff argues in reply that the time she was given pursuant to corporate policy should not be included in the twelve weeks of unpaid leave afforded to her under the FMLA.
Neither the United States Supreme Court, nor the Second Circuit have addressed the issue of whether there is an enforceable right under the FMLA when an employer's leave policy exceeds the benefits conferred by the FMLA. The Eighth Circuit notes, however, that "Congress only intended to mandate a minimum of twelve weeks of leave for employees, it did not CT Page 5583 intend to construct a trap for unwary employers who already provide for twelve weeks of leave for their employees." Ragsdale v. WolverineWorldwide, Inc., 218 F.3d 933, 940 (8th Cir. 2000).[4] The Eleventh Circuit agrees with the Eighth Circuit, stating that "[w]here an employer . . . exceeds the baseline 12 weeks by providing not only more leave than the FMLA requires but also paid leave, the employer should not find itself sued for violating the FMLA." McGregor v. Autozone, Inc.,180 F.3d 1305, 1308 (11th Cir. 1999). Other courts also hold that a FMLA action should not lie when an employer's policy exceeds the twelve weeks provided by the Act. See Dolese v. Office Depot, Inc., 231 F.3d 202, 203
(5th Cir. 2000); Hite v. Biomet, Inc., 53 F. Sup.2d 1013, 1018
(N.D.Ind.1999); Rich v. Delta Air Lines, Inc., 921 F. Sup. 767, 773
(N.D.Ga. 1996); but see Plant v. Morton International, Inc., 212 F.3d 929,936 (6th Cir. 2000) (disagrees with McGregor, but remanded to determine whether plaintiff pled elements of FMLA).
The legislative history of the statute also indicates that Congress merely intended to establish a baseline of twelve weeks of leave, and does not allow a plaintiff to use the FMLA to extend an employer's leave policy if that policy exceeds the baseline. The stated purpose of the FMLA is "to entitle employees to take reasonable leave for medical reasons . . . in a manner that accommodates the legitimate interests of employers."29 U.S.C. § 2601 (b)(2) — (3). When discussing a portion of the Act that allows the substitution of paid leave for the unpaid leave under the Act, the Senate report on the bill comments that "[w]hen an employer has required or an employee has elected to substitute for unpaid leave appropriate paid leave of less than 12 weeks duration, the employer need only provide an additional period of unpaid leave so that the totalof paid and unpaid leave provided equals 12 weeks." (Emphasis added.) S. REP. No. 103-3, at 27 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 29. This statement indicates an intention of the Senate to protect workers whose employer's provide less than twelve weeks leave, but does not show an intention to provide more leave if an employer already provides such leave.
In the present case, the plaintiff received approximately six months of leave for her medical condition. It is not disputed that the defendant's medical leave policy of twenty six weeks of paid leave exceeds the twelve weeks of unpaid leave required by the FMLA. Under these circumstances the FMLA was not violated because the defendant's leave policy, which the plaintiff took advantage of, exceeds the baseline granted by the FMLA. Therefore the defendants' motion for summary judgment should be granted.
SO ORDERED.
ROBERT L. HOLZBERG, J. CT Page 5584