**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARLANDI MUHAMMAD,

    Plaintiff-Appellant,

v.

SEATTLE POLICE DEPARTMENT and
CITY OF SEATTLE,

    Defendants-Appellees.

No.    14-35370

D.C. No. 2:12-cv-02142-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted December 8, 2016[**]
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

The Seattle Police Department (SPD) and City of Seattle terminated Arlandi

Muhammad's employment as a police officer on the basis of job abandonment.

Muhammad filed suit, alleging violations of the Washington Law Against

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Discrimination (WLAD) and the Family and Medical Leave Act (FMLA). The district court granted summary judgment to the defendants on all claims. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, and construing all facts in the light most favorable to the plaintiff, *see Sharpe v. Am. Tel. & Tel. Co.*, 66 F.3d 1045, 1049 (9th Cir. 1995), we affirm.

1. Muhammad injured his shoulder while on duty in March 2008. The SPD put Muhammad on a combination of light duty and paid leave for over two years following his injury, and gave him a voucher to obtain a modified ballistic vest. Muhammad maintains that the SPD did not reasonably accommodate his disability because the SPD: (1) failed to assist Muhammad in obtaining a modified ballistic vest, and (2) revoked his light-duty assignment in May 2010.

The "WLAD requires an employer to reasonably accommodate a disabled employee unless the accommodation would pose an undue hardship." *Frisino v. Seattle Sch. Dist. No. 1*, 249 P.3d 1044, 1049 (Wash. Ct. App. 2011) (citing Wash. Rev. Code § 49.60.180(2)-(3)). The employee has an obligation to communicate whether an accommodation is effective because the employer must be able "to determine whether more is required to discharge its duty." *Id.* at 1052. "An employer's previously unsuccessful attempts at accommodation do not give rise to

2

liability if the employer ultimately provides a reasonable accommodation." *Id.* at 1051 (citing *Sharpe*, 66 F.3d at 1051).

Muhammad did not request assistance from the safety officer, or otherwise communicate that he felt ill-equipped to use the voucher, until after the second vest proved inadequate in November 2009. He does not dispute that the third vest successfully accommodated his injury. The defendants cannot be held liable for any previously unsuccessful attempts at accommodation because they ultimately provided a satisfactory vest. *See id.* at 1052.

Muhammad also contends that the SPD failed to accommodate his disability by revoking his light-duty assignment. He asserts that the SPD did not fulfill its obligation "to determine whether Mr. Muhammad was qualified for any other vacant positions." This argument fails because light duty is not a "vacant" position; it is a temporary assignment "intended to provide an opportunity for employees to continue to work as they recover from an injury or illness, for a limited period of time." The SPD did not offer any other officers a combination of paid leave and light duty for more than two years. Because an employer is not required "to create a new position, to alter the fundamental nature of the job, or eliminate or reassign essential job functions," *Pulcino v. Fed. Express Corp.*, 9 P.3d 787, 795 (Wash. 2000) (en banc), *overruled in part on other grounds by*

*McClarty v. Totem Elec.*, 137 P.3d 844 (Wash. 2006), the WLAD did not require the SPD to grant Muhammad's specific request to remain on light duty for more than two years.

2. Muhammad next argues that the SPD engaged in a "campaign of retaliation" against him for filing an EEO complaint and notice of his damages claim. Muhammad argues that the SPD took the following adverse employment actions against him in violation of the WLAD: (1) provided little to no assistance in obtaining a modified vest; (2) denied Muhammad "the duration and flexibility of light duty assignment" given to other officers; (3) ordered Muhammad to don an inadequate vest, causing reinjury; (4) termination; and (5) denial of Family and Medical Leave (FML). The defendants do not dispute that termination and denial of FML qualify as adverse employment actions.

Muhammad has not alleged facts sufficient to establish a "hostile work environment . . . amount[ing] to an adverse employment action" with respect to the other three actions. *Kirby v. City of Tacoma*, 98 P.3d 827, 833 (Wash. Ct. App. 2004). As explained, the SPD assisted Muhammad in obtaining a custom vest that accommodated his shoulder injury and did not deny Muhammad the light duty given to other officers. Moreover, Muhammad requested a meeting with the safety officer so that the officer could evaluate the vest. Ordering Muhammad to try it on

did not create a hostile work environment. *See id.* Thus, only termination and denial of FML qualify as adverse employment actions in this case.

Muhammad failed to prove that the SPD's legitimate, nondiscriminatory reasons for terminating him and denying FML were pretextual. *See Currier v. Northland Servs., Inc.*, 332 P.3d 1006, 1011 (Wash. Ct. App. 2014). Muhammad's pattern of absenteeism, and the SPD's investigation into and discipline for it, began long before Muhammad filed an EEO complaint or notice of his damages claim. The parties signed an Action Plan to address Muhammad's chronic absenteeism in November 2008, which warned that failure to comply "may result in discipline up to and including termination." Muhammad was eventually terminated for job abandonment because, after receiving several warnings, he exhausted all paid leave and failed to report to work despite having a medical clearance to return to full duty.

The defendants denied Muhammad's FML application because Muhammad failed to establish that he suffered from a qualifying medical condition during the relevant time period: December 6 to 14, 2010. The district court correctly granted summary judgment on Muhammad's retaliation claim.

3. Muhammad argues that judicial estoppel bars the defendants from asserting that he is ineligible for FMLA protections because the City established

5

more generous eligibility requirements for its FML policy. But the parties agree that Muhammad did not satisfy the FMLA's eligibility requirement because he did not work at least 1,250 hours during the previous twelve-month period. *See* 29 U.S.C. § 2611(2)(A)(ii). And although Muhammad fulfilled the City's more lenient standard, the City did not engage in affirmative misconduct nor did Muhammad lose any rights to which he was entitled. *See Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011); *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir. 2000). The City denied Muhammad's application because he failed to establish that he suffered from a qualifying medical condition. The fact that the City provided a more generous FML policy does not expand Muhammad's rights under the federal statute nor create a federal cause of action. *See Dolese v. Office Depot, Inc.*, 231 F.3d 202, 203 (5th Cir. 2000) (per curiam). The district court did not err in rejecting Muhammad's estoppel argument.

Each party shall bear its own costs on appeal.

**AFFIRMED.**